IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:13-CV-80670-DPG

AJA DE LOS SANTOS, on behalf of herself
and others similarly situated,
Plaintiff,

vs.

MILLWARD BROWN, INC., A Delaware
Corporation,
Defendant

**FINAL APPROVAL ORDER**

**WHEREAS,** on February 10, 2015, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class [ECF No. 77];

**WHEREAS,** pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS,** a Final Approval Hearing was held on September 11, 2015. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as prescribed in the Preliminary Approval Order. Class Members were therefore notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed

Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of the Incentive Award.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for Millward Brown, Inc., ("Millward"), having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4. There are no objections to the Settlement.

5. The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

6. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> all persons who, on or after July 9, 2009 through the date of Preliminary Approval, received one or more non-emergency contacts from Millward or any of its agents, parents, affiliates or subsidiaries, to their cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice for which they did not consent.

The Court has been informed that there are approximately 800,000 unique telephone numbers associated with the Settlement Class.

7. The Court finds that the plan for Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, provided due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the Final Approval Hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

8. The Settlement Agreement is, in all respects, fair, reasonable and adequate, is in the best interests of the Settlement Class, and is therefore approved.

9. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

10. Within the time period set forth in the Settlement Agreement, the cash distributions provided for in the Settlement Agreement shall be paid to the various Settlement Class members submitting Valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

11. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged Millward from the Release Claims as set forth in Paragraph 1.30 of the Settlement Agreement.

12. All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

13. The Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Millward of any fault, wrongdoing, or liability on the part of Millward.

14.     The Court hereby grants Class Counsel's request for an award of reasonable Attorney's Fees and Costs in the amount of $2,750,000.  The Court further grants Class Counsel's application for an Incentive Award for Aja De Los Santos in the amount of $5,000.  These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

15.     The above-captioned Action is hereby dismissed in its entirety with prejudice.  Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees.  Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of September, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE